UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER T. WAGONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:11-cv-01054-TWP-DML |
| J.P. MORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTIONS *IN LIMINE*

This matter is before the Court on Motions *in Limine* filed by Plaintiff Jennifer Wagoner ("Ms. Wagoner") (Dkt. 76) and Defendant J.P. Morgan Chase Bank, N.A. ("JMPC") (Dkt. 82). The Court will address each motion *in limine* in turn, and will address additional facts relevant to each motion as needed.

### I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on JMPC's Motion for Summary Judgment. (Dkt. 62). In short, Ms. Wagoner was employed by JPMC as a Business Banker from October, 2009 until she was terminated on August 20, 2010. She alleges that she was terminated due to her pregnancy shortly before she was due to take maternity leave. Ms. Wagoner alleges that she was placed on Performance Action Plans ("PAPs") shortly after announcing to her supervisor that she was pregnant, which eventually led to her termination.

### II. LEGAL STANDARD

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be

1

deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

### III. DISCUSSION

#### A. Ms. Wagoner's Motion *in Limine* (Dkt. 76)

##### 1. Evidence regarding prior job performance

Ms. Wagoner asks the Court to prohibit JMPC from introducing evidence regarding her alleged deficiencies in her job performance in any positions she held with JMPC other than the Business Banker position, which she began in October, 2009 and from which she was terminated on August 20, 2010. Ms. Wagoner argues that such evidence is irrelevant to both parties' positions and is improper character evidence under Federal Rule of Evidence 404(b) because it would be offered to show Ms. Wagoner's propensity to underperform. JMPC argues that Ms. Wagoner has placed her performance at issue with her suspicious timing arguments relating to the fact that she received her first PAP in eight years of employment with JMPC after announcing her pregnancy, and to be allowed to do so would imply that she had no prior performance problems and the discipline by her supervisor was "out of the blue."

The Court agrees with Ms. Wagoner that her performance in prior positions is not relevant to her performance as a Business Banker, and the prejudicial nature of such evidence outweighs its probative value. F.R.E. 403. In addition, JPMC may not offer this evidence in order to prove that because Ms. Wagoner may have underperformed in other positions, she also underperformed in the Business Banker position, which would violate Federal Rule of Evidence 404(b)(1). However, if Ms. Wagoner elects to present evidence of the absence of prior PAPs as evidence of

her satisfactory performance at JPMC prior to October 2009, rather than to show that she had not received a PAP until after she announced her pregnancy, or otherwise opens the door on this issue, JPMC will be permitted to rebut such evidence. The Court **GRANTS in part** and **DENIES in part** Ms. Wagoner's motion on this issue.

### 2. Evidence of another female Business Banker's maternity leave

Ms. Wagoner asks the Court to exclude evidence that another female Business Banker working for JPMC in central Indiana, Ms. Coward, was pregnant and took maternity leave in late 2011, after Ms. Wagoner had been terminated. Ms. Wagoner argues that this occurred too far in time from her termination to be probative, and the fact that Ms. Wagoner had already filed her EEOC complaint by that time and that they did not have the same supervisor, thus the passage of time and change of circumstances makes this evidence irrelevant.

The Court finds that this evidence is relevant to the issue of JMPC's good faith compliance with Title VII, and the probative value is not outweighed by the danger of unfair prejudice. Ms. Wagoner will have the opportunity to rebut JPMC's evidence regarding Ms. Coward's maternity leave by presenting evidence that it occurred almost a year after her termination and EEOC complaint, and they had different supervisors. The Court **DENIES** Ms. Wagoner's motion on this issue.

### B. JPMC's Motion *in Limine* (Dkt. 82)

JPMC asks the Court to prohibit Ms. Wagoner from presenting evidence falling into fifteen subjects. Ms. Wagoner does not object to the exclusion of three of these subjects: evidence relating to settlement offers and negotiations, excludable under Federal Rule of Evidence 408; evidence relating to the motions *in limine* filed by the parties; and arguments asking the jury to stand in the shoes of the Plaintiff (*i.e.* the "Golden Rule" argument). Being that Ms. Wagoner

has no objection to the exclusion of these subjects, the Court **GRANTS** JMPC's motion on these issues.

Ms. Wagoner objects to the exclusion of the remaining categories of evidence on the basis that they are relevant to one or more issues in the case, or that JPMC's motion is overly broad. The remaining categories will be addressed in turn.

### 1. Evidence of when Ms. Wagoner announced her pregnancy (A)

JPMC asks the Court to exclude evidence relating to Ms. Wagoner's knowledge of when she announced her pregnancy beyond what she stated in her deposition testimony. JPMC attempts to rehash its arguments made in its motion to strike Ms. Wagoner's declaration filed with her response to JMPC's motion for summary judgment, asking the Court to exclude evidence which it already determined was admissible at summary judgment. The Court has already ruled that Ms. Wagoner's testimony regarding when she informed her supervisor about her pregnancy does not contradict her deposition testimony, and that the billing statement used to refresh her recollection should not be stricken under Federal Rule of Civil Procedure 37. JMPC will have the opportunity to cross-examine Ms. Wagoner and challenge her credibility based upon the alleged inconsistencies in her deposition testimony. The Court finds that this evidence is relevant to the issues at trial, and therefore **DENIES** JMPC's motion on this issue.

### 2. Characterization of the PAP as an adverse employment action (B)

JMPC anticipates that Ms. Wagoner will improperly characterize her receipt of a PAP as an "adverse employment action" and argues that any such characterization should be prohibited. JMPC argues that the PAP did not result in a significant change in employment status, affect her wealth or career prospects, or change her work conditions. Ms. Wagoner characterizes the action

as "adverse" because it was the first step leading to her termination, which was indisputably an "adverse employment action" for purposes of her prima facie case under Title VII.

While the imposition of a PAP alone is not sufficient to support the imposition of Title VII liability, evidence that Ms. Wagoner was allegedly placed on a PAP subsequent to announcing her pregnancy is probative on the issue of whether her ultimate termination was due to her pregnancy. It is the job of the Court to instruct the jury on the proper legal standard to apply when making its findings of fact, and the Court finds that the presentation of evidence regarding Ms. Wagoner's PAPs will not mislead the jury or confuse the issues. F.R.E. 403. Therefore, the Court **DENIES** JPMC's motion on this issue.

### 3. Evidence of alleged blacklisting or defamation (C)

JPMC asks the Court to exclude evidence of alleged blacklisting or defamation by JPMC against Ms. Wagoner, stating that Ms. Wagoner's counsel has "implied" that JPMC interfered with her attempts to receive other employment. Dkt. 83 at 5. Ms. Wagoner objects to this motion as being overbroad, arguing that JPMC has not specified what type of evidence it seeks to exclude. Ms. Wagoner has not alleged a blacklisting or defamation claim against JPMC and indicates that she does not intend to present evidence in support of such claims. The Court therefore **GRANTS** the motion *in limine* with respect to evidence of blacklisting or defamation. This ruling however, would not preclude Ms. Wagoner from presenting evidence that she has had difficulty finding another job.

### 4. Evidence of suspected or actual medical conditions of Ms. Wagoner's baby (D)

JPMC requests that the Court exclude any evidence regarding Ms. Wagoner's prenatal or postnatal concerns regarding her baby's health, arguing that the issue of her baby's health is not relevant to her claims and testimony regarding her baby's health would unfairly prejudice the

jury against JPMC. Ms. Wagoner argues that this evidence is relevant to her status as the "breadwinner" of her household, and concerns about her unborn child compounded her emotion stress from being terminated, and emotion distress and mental anguish are recoverable as compensatory damages. While Ms. Wagoner's status as the primary income earner in her household may be relevant to her emotional distress experienced after termination, her emotional distress related to concerns about the health of her child is not. Evidence regarding the adverse health or concerns over her child's health may be unduly prejudicial to JPMC and would have little probative value. Ms. Wagoner can present evidence of her comparative earning status in her household without reference to the health concerns of her baby. Therefore, the Court **GRANTS** JPMC's motion on this issue.

    5.    **Evidence of Ms. Wagoner's Unemployment Claim (E)**

JMPC seeks to exclude evidence that Ms. Wagoner received unemployment compensation following her termination, arguing it is unfairly prejudicial to JMPC and Indiana law prohibits use of any findings relating to unemployment compensation in any other proceeding. Ind. Code § 22-4-17-12(h). Ms. Wagoner objects to JMPC's motion as overly broad, and asserts that evidence regarding the amount of her unemployment compensation may be relevant to her mental distress at her loss of income. However, she does agree that it would be inappropriate for her to use the fact that she received unemployment compensation as evidence that her termination from JPMC was not for cause. Ms. Wagoner merely objects to JMPC's request that this evidence be excluded for any purpose. The Court finds that Ms. Wagoner may not present this evidence for purposes of proving that she was not terminated for cause, but evidence of the amount of her unemployment compensation may be relevant and admissible to her compensatory

damage claim.  Therefore, the Court **GRANTS in part** and **DENIES in part** JMPC's motion on this issue.

6. **Evidence of compensatory damages, front and back pay, and punitive damages (F, G, H)**

JPMC objects to the admission of evidence relating to Ms. Wagoner's damages—compensatory damages, front and back pay, and punitive damages. JPMC argues that Ms. Wagoner did not sufficiently disclose her compensatory and punitive damages amounts in her initial disclosures; that issues of front and back pay are equitable issues for the Court; and that she cannot prove her prima facie case for punitive damages.  With regard to all of these issues, the jury will be specifically instructed on the way they are to calculate any damage award, and the calculation of damages is not subject to mathematical certainty.  The Court cannot exclude evidence regarding the loss of future earnings, which necessarily overlaps with evidence relating to an award of front pay, as this is properly part of a compensatory damages calculation.  Finally, JPMC's request that the Court exclude evidence relating to punitive damages asks the Court to improperly weigh evidence ahead of trial to determine whether she can demonstrate whether JPMC acted with malice or reckless indifference to Ms. Wagoner's federally protected rights.  *Kolstad v. Am. Dentist Ass'n*, 527 U.S. 526 (1999).  This determination necessarily depends on the factual findings of the jury, and JPMC may not make an end run around a motion to dismiss Ms. Wagoner's punitive damage claim by excluding evidence of such at trial.  JPMC's motion on these issues is **DENIED**.

7. **Evidence of net worth and out-of-state residency of JMPC and "David and Goliath" argument (I, N, M)**

JMPC asks the Court to exclude evidence of JMPC's net worth, out-of-state residence, and

7

that Ms. Wagoner not make any comparison of the relative net worth between her and JMPC. Ms. Wagoner objects to JPMC's motion on these issues on the basis that the request is overbroad, and argues that this evidence is relevant to the assessment of any punitive damages against JMPC. She also argues that being prohibited from offering evidence of JPMC's location seeks to obscure its identity. The Court agrees that evidence regarding JMPC's net worth, and relative net worth, is relevant to the issue of punitive damages, as the jury must be able to determine what an adequate amount would be to punish and deter future conduct would be relative to the size of the organization. The danger of unfair prejudice is not outweighed by the probative value of this evidence, therefore the Court **DENIES** JPMC's motion on these issues.

### 8. Evidence of other proceedings against JPMC (L)

JPMC seeks to exclude evidence of other proceedings against JPMC, including to other lawsuits, regulatory filings or settlements, arguing that the risk of unfair prejudice outweighs its probative value. Ms. Wagoner argues that this request is impermissibly broad, and is relevant to the issue of punitive damages because the jury is instructed to consider the likelihood that JPMC would repeat the conduct if an award of punitive damages is not made. While evidence of judgments against JMPC in similar cases may be probative on this issue, evidence of this nature and evidence regarding pending matters and matters unrelated to employment discrimination claims may be unduly prejudicial to JPMC. Further, pending matters are not evidence of wrongdoing, as not all lawsuits and EEOC claims have merit. The Court finds that Ms. Wagoner may not present evidence regarding pending matters or other cases related or unrelated to employment discrimination. Therefore, the Court **GRANTS** JPMC's motion on this issue.

## IV. CONCLUSION

For the reasons set forth above, Ms. Wagoner's Motion *in Limine* (Dkt. 76) is **GRANTED in part** and **DENIED in part**. JPMC's Motion *in Limine* (Dkt. 82) is **GRANTED in part** and **DENIED in part**. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in *limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 01/15/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Thomas E. Deer
OGLETREE DEAKINS
thomas.deer@ogletreedeakins.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com