UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER T. WAGONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01054-TWP-DML |
| ) | |
| J.P. MORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

### ENTRY FOLLOWING FINAL PRE-TRIAL CONFERENCE

On January 15, 2014, this Court conducted a final pretrial conference in this case. Plaintiff Jennifer Wagoner appeared by counsel Barry Macey and Quincy Sauer. Defendant J.P. Morgan Chase Bank, N.A. appeared by counsel Bonnie Martin and Thomas Deer. David Moxley was the Court Reporter. At the final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

The trial by jury of this matter will begin on **Monday, February 3, 2014 at 9:00 a.m.** and is scheduled to last 3-4 days. The trial will be held in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. Doors to the courtroom will be unlocked at 7:30 a.m. Counsel must report by 8:00 a.m. Jury selection will begin promptly at 9:00 a.m. The parties discussed the possibility of settlement and agreed to meet with Magistrate Judge Debra McVicker Lynch for a settlement conference prior to the trial date.

The parties presented their witness lists and discussed the expected testimony of their potential witnesses (Dkts. 74 and 86). Plaintiff had no objections to Defendant's witness list. Defendant filed a motion to strike Plaintiff's revised witness list (Dkt. 69) and objections to

Plaintiff's trial witness list (Dkt. 93).  Specifically, Defendant asked the Court to exclude/strike Tori Hart, Matthew Gay, Andrea James, Ryan Murphy, Jose Narvaez, Monique Tran, Matt Wagoner, Hieu Doan, Kevin Jenkins, Debra Juntunen, Timothy McDermott and Rod Simpson.  The Court takes the objection and motion to strike as to Ryan Murphy, Jose Narvaez, Monique Tran and Matt Wagoner under advisement.  The Court **OVERRULES** the objection to Heiu Doan, Kevin Jenkins and Timothy McDermott, and **DENIES** the motion to strike Andrea James.  The motion to strike witnesses Matthew Gay and Tori Hart and are **DENIED AS MOOT,** and the objection to Debra Juntunen and Rod Simpson is **OVERRULED AS MOOT**, as Plaintiff does not intend to call these witnesses at trial.

Plaintiff and Defendant have both filed exhibit lists (Dkts. 78 and 84).  The parties have also filed a joint exhibit list (Dkt. 85).  The parties are to provide three (3) copies of their exhibit notebooks on the morning of trial.

Defendant filed a motion to strike Plaintiff's exhibits 127, 146-50, 153 and 162 (Dkt. 95).  For the Court's review, the parties produced copies of proposed exhibits at the pretrial conference.  The motion to strike Exhibit 127 is **DENIED**.  The motion to strike Exhibits 146-50 is **GRANTED** with respect to their use as trial exhibits, but these summary charts may be used as demonstrative exhibits.  The motion to strike Exhibit 153 (Summary of Wagoner's Efforts to Seek Re-Employment) was taken under advisement.  The motion will **remain under advisement** as this issue can best be determined at trial so that questions of foundations, relevancy and prejudice can be resolved in context.  The motion to strike Exhibit 162 is **GRANTED** with respect to its use as a trial exhibit; however, this exhibit may be offered for purposes of impeachment.

Plaintiff filed objections to Defendant's Exhibits 316, 317, 318, 340, 341, 342, 348, 349, 355, 356, 357, 389, 434, 436, and Defendant's Demonstrative Exhibit (Dkt. 91).  The objections to Exhibits 316-318, 340-342, 348-349, 355-357, and 389 are **OVERRULED**.  With regard to Exhibits 434 and 436, the parties are to confer and redact any references to the statutory cap on damages and attorney fees under the statute, and any references to compensatory damages; otherwise, the remainder of these exhibits are admissible.  Defendant has indicated that the Business Banker Performance Demonstrative Exhibit will be based upon the evidence presented at trial, and Defendant is therefore ordered to identify the documents the exhibit purports to summarize to the Plaintiff prior to introduction of the demonstrative exhibit.

Defendant has filed 46 proposed stipulations of fact (Dkt. 81).  Plaintiff has not yet filed any formal objections to the stipulations; however, the parties are ordered to confer regarding Defendant's proposed stipulations and file any joint stipulations.  Plaintiff has not filed any proposed stipulations.

Jury selection will commence on **Monday, February 3, 2014 at 9:00 a.m.**  Counsel may obtain a copy of the responses to juror questionnaires in person from the Courtroom Deputy Clerk at noon on Friday, January 31, 2014.  A panel of approximately twenty-two (22) prospective jurors will be called and a jury of seven (7) persons and no alternates will be empaneled.

Defendant has filed an objection to questions 18-20 of Plaintiff's proposed voir dire. (Dkt. 94).  The Court **OVERRULES** Defendant's objections to voir dire questions (Dkt. 94). The Court may not ask the specific questions proposed, however Plaintiff may inquire in this area during her opportunity to ask follow-up questions of the panel. The Court will examine the panel with its own voir dire questions and incorporate questions from counsel, after which

counsel for the Plaintiff and Defendant will have up to fifteen (15) minutes per side for any follow-up questions to the panel. Challenges for cause will be made at the bench. The parties will each have three (3) peremptory challenges which shall be exercised simultaneously and in writing. The Court will have strike forms on counsel's tables the morning of trial.

During trial, the Court intends to allow jurors to submit written questions to witnesses, following the procedures endorsed by the 7th Circuit Bar Association's jury project.

Each side will have up to thirty (30) minutes for opening statements. The parties should anticipate proceeding each day until the witness who is on the stand at 4:30 p.m. has completed his or her testimony. Final jury instructions and the amount of time allotted for closing arguments will be determined at the close of evidence prior to the start of jury deliberations. Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice" (Dkt. 19) before commencement of the trial.

Plaintiff and Defendant have filed their joint proposed verdict form (Dkt. 102). Plaintiff and Defendant have noted their objections to the verdict form proposed by each party. The Court will take these objections under advisement. Plaintiff and Defendant have also each filed a proposed joint issue jury instruction (Dkt. 101), but have been unable to agree upon the proposed instruction. The parties must confer and file a finalized joint proposed issue instruction by **Wednesday, January 29, 2014 at noon**. If the parties are unable to agree on a proposed joint issue instruction, the Court will file its own instruction on Thursday, January 30, 2014 by noon.

The Courtroom Deputy Clerk will send a copy of the Court's proposed preliminary instructions via e-mail, by noon Wednesday, January 29, 2014. The parties have until noon on Thursday, January 30, 2014 to file any objections.

The parties have filed joint proposed final jury instructions (Dkt. 100). They must additionally send a copy electronically in Word format to the Courtroom Deputy Clerk by Friday, January 31, 2014 so that the Court can prepare a draft set of final instructions for circulation to the parties.

Plaintiff's motion for separation of witnesses (Dkt. 97) is **GRANTED**. Defendant's designate Lynette Siciliano, as their assisting witness. Counsel are to admonish their respective witnesses that they may not be present in the courtroom at any time, other than during their testimony, and they are not to discuss their testimony with others. The parties should instruct their witnesses to report to Room #346 as an available witness room. Further, the parties are instructed that it will be their responsibility to admonish and instruct their witnesses regarding this ruling.

The have both filed a notice of use of VEPS equipment (Dkts. 75 and 81). The parties are expected to use the Court's document display equipment with proficiency and may schedule training with the Courtroom Deputy Clerk.

**SO ORDERED.**

Date: 01/15/2014
_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Thomas E. Deer
OGLETREE DEAKINS
thomas.deer@ogletreedeakins.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com